DETERMINED IN

# THE SUPREME COURT

OF THE

## TERRITORY OF NEW MEXICO.

### JANUARY TERM, 1871.

---

GERTRUDE E. HUNTINGTON, LATE GERTRUDE E. WEBB, ADMINISTRATRIX OF THE ESTATE OF NATHAN WEBB, DECEASED, v. WILLIAM H. MOORE AND WILLIAM C. MITCHELL.

INTERLOCUTORY ORDER, WHAT IS.—Any order or decree made during the progress of a cause, which does not wholly dispose of the merits of the case, is interlocutory only.

FINAL DECISION ONLY IS APPEALABLE.—No appeal lies in this territory except from a final decision in a cause.

ORDER FOR PAYMENT OF MONEY INTERLOCUTORY AND NOT APPEALABLE, WHEN.—An order made by a district judge, upon petition of the plaintiff in a suit brought by such plaintiff as administratrix of her deceased husband, to compel an accounting and settlement by the defendants as copartners of the intestate, which requires the defendants to pay to the plaintiff a certain sum, for her actual support, "to be credited to said defendants on the final accounting in this cause," is interlocutory only and therefore not appealable.

APPEAL from the district court. The opinion states the case.

*Noble and Tompkins*, for the defendants and appellants.

*Elkins and Wheaton*, for the plaintiff and appellee.

By Court, WATERS, J.:

This is a motion to dismiss the appeal upon the ground

that the order made by the chief justice at chambers was not a final one. The case before us may be stated in a few words. It appears from the pleadings that the deceased was a joint partner of the defendants in a mercantile firm, under the name and style of W. H. Moore & Co., and that the complainant in this cause was the wife of the said Nathan Webb, deceased. It also appears that she became the administratrix of the estate of her deceased husband, Webb; and it further appears that she is the sole heir at law of the personal estate of her deceased husband. As administratrix of her deceased husband, and heir at law, she filed her bill in chancery, August 31, 1868, against the defendants, the surviving partners of said Webb, for a settlement of the estate, and on the twenty-seventh of September, 1869, filed her petition and affidavit in this cause, praying the court to make an order on the defendants for the payment to her of the sum of one thousand dollars, out of the funds belonging to said partnership, alleging the same to be necessary for actual support. The court below at chambers, on the pleadings and affidavits presented, in the exercise of its discretionary power, made an order on the defendants requiring them " to pay to the complainant or to her order, or to her solicitor, Stephen B. Elkins, or to his order, the sum of one thousand dollars, said sum of one thousand dollars to be credited to said defendants on the final accounting of this cause."

On the twelfth of October, 1869, the defendants filed a motion asking the court at chambers to set aside and vacate the order aforesaid, which motion by the court at chambers was overruled, and they now appeal to this court. But one question presents itself in the consideration of this motion, and that is, was said order a final decision, judgment, or decree from which an appeal could be taken? Before proceeding to a full consideration of this question, it may be necessary here to state, that any order or decree made during the progress of a cause, which does not wholly dispose of the merits in the case, is an interlocutory order or decree only, and orders of this kind are frequently and necessarily made in the progress of the cause. The causes for which

they may be made are numerous and known to every chancery practitioner.

The organic act provides, among other things, that "bills of exception and appeals shall be allowed in all cases from the final decisions of said district courts to the supreme court, under such regulations as may be prescribed by law." This provision, if it means anything, means that appeals may be taken from all final decrees and judgments which finally dispose of the merits in the cause, and is in perfect harmony with the acts of congress regulating appeals in the courts of the United States.

The legislature, in pursuance of this provision of the organic act, provides that "every person aggrieved by any judgment or decision of any circuit court in any civil case, may make his appeal to the supreme court:" Rev. Stat. 106, sec. 2.   Section 14, pp. 110–118, provides "that all suits brought in the district court in this territory, which shall have been determined in said court, if either of the parties shall desire to take an appeal from the judgment of said court to the supreme court, on complying with the provisions of the law regulating appeals, said appeal may be allowed;" and these enactments by the legislature are nothing more than a repetition of the provisions of the organic act above referred to, only in different language, and when taken together there can be no doubt that appeals are confined to final decisions on the merits of. the cause in the district courts.   That part of the organic act which provides that appeals shall be allowed "under such regulations as may be prescribed by law," is only intended to give to the legislature the power of prescribing the manner in which appeals may be taken after final judgment or decree is had.   This power they appear to have exercised, and have prescribed the manner in which appeals may be taken to the supreme court on final judgment or decree.

We now come back to the question at issue: Was the order made by the chief justice at chambers a final order, disposing of the whole merits of the cause, reserving no further questions or directions for the further judgment of the court?  If it was, there can be no doubt that the ap-

peal was well taken and the cause within the jurisdiction of the court. If, on the contrary, it was not, then the appeal must be dismissed for want of jurisdiction. Let us examine. The order itself provides that the sum of one thousand dollars, ordered to be paid complainant, shall " be credited to said defendants on the final accounting in this cause." This language is explicit enough and easy to be understood, and shows clearly that the merits of this cause are not disposed of by this order; that there is a final accounting to be made, at which time this one thousand dollars is to be credited to defendants. Counsel for defendants claim that this order is final because it can be enforced by execution. This is no argument or authority that the order should be regarded as final. It is long since settled, and well settled, that every court of record, and especially courts of chancery, are clothed with all necessary power for the enforcement of these orders.

As before stated, orders are frequently and necessarily made during the progress of a cause, and while such orders may and frequently do affect and enter into the merits of the cause, they are interlocutory only, and intended as a means of advancing the interest of the parties under the control of the court, until the rights of the parties concerned can be adjudicated by a final decree. That such is the object of all orders made in a cause during the progress of the same is well settled. The order in the cause before us was made during the progress of the cause, and while it was an order for the payment of a specified sum of money, and affected and entered into the merits of the cause, it was not final, for the reason that it did not dispose of the merits of the whole case. In the case of *Forgay et al.* v. *Conrad,* 6 How. 201, referred to by counsel for defendants, and relied upon as one of the principal authorities, it will be observed after a careful examination of that case, that the object of the bill filed was to have sundry deeds therein mentioned set aside. The court below passed a decree declaring the deeds in the bill mentioned to be fraudulent and void, and that the lands and slaves therein mentioned be delivered up to the com-

plainant, and the only thing left to be done in the whole case was for the master (to whom had been referred the matter of profits of the land and slaves from the time of filing the bill until the property was delivered) to make his report on these matters. "In all other respects," the court says, "the whole of the matter brought into controversy by the bill was finally disposed of," and the motion to dismiss the appeal was overruled; but it is plain to be seen that the merits of the whole cause were disposed of, although, technically speaking, the decree was not final until after the report of the master was made and approved.

The opinion of the court in this case, as well as in the two succeeding opinions in the same volume and on the same subject, and also *Whiting* v. *Bank of the United States*, 13 Pet. 15, prove conclusively that before an appeal can be allowed, the merits of the cause must first be disposed of. In the case of *Humiston* v. *Stainthorp*, 2 Wall. 106, the same principle is again announced. The decisions of the supreme court of the United States on this point are numerous, and further reference to authorities on this subject is by the court deemed unnecessary.

The question raised by defendants' counsel, that this order was made before the replication was filed in the case, has nothing to do with the question at issue here. If he takes advantage of it at all, it should have been made in the court below, at chambers. It is therefore not considered, and on this point no opinion is expressed.

The order in the case before us being interlocutory only, the other judges concurring, the appeal must be dismissed for want of jurisdiction.